NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JERRY SEMMENS,

        Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

        Defendant-Appellee.

No.   18-15542

D.C. No. 2:16-cv-01980-SPL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 17, 2021**

Before: GOODWIN, CANBY, and SILVERMAN, Circuit Judges.

Jerry Semmens appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Semmens's application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v.*

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The Administrative Law Judge ("ALJ") provided specific and legitimate reasons to discount the opinions of treating physicians Drs. Walmer and Nichols as conclusory and inconsistent with the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ must provide specific and legitimate reasons to reject opinion of a treating physician; inconsistency between physician's opinion and the medical record constitutes a specific and legitimate reason); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ may reject opinion that is "brief, conclusory, and inadequately supported by clinical findings"); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly discounted treating physician's opinion where examination notes did not include "the sort of description and recommendations one would expect to accompany a finding" of disability). Any error in the ALJ's additional reasoning was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless where it is "inconsequential to the ultimate nondisability determination" (citation and internal quotation marks omitted)).

The ALJ proffered specific, clear, and convincing reasons to discount Semmens's symptom testimony as uncorroborated by and inconsistent with the medical record, inconsistent with his statements to providers, and inconsistent with the ALJ's observations. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d

1155, 1161 (9th Cir. 2008) (ALJ may discount a claimant's testimony as inconsistent with the medical evidence); *Tommasetti,* 533 F.3d at 1039-40 (favorable response to treatment and inconsistent symptom reporting were clear and convincing reasons to discount testimony); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider a lack of corroborating medical evidence as one factor in the credibility determination); *Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595, 600 (9th Cir. 1999) ("The inclusion of the ALJ's personal observations does not render the decision improper." (citation and internal quotation marks omitted)). Any error in the ALJ's additional reasoning was harmless. *See Molina*, 674 F.3d at 1115.

Although the ALJ failed to provide germane reasons to reject the lay witness evidence, the error was harmless because the lay witness alleged the same limitations described in Semmens's testimony, which the ALJ properly discounted. *See id.* at 1122 (ALJ's error in failing to discuss lay witness evidence was harmless where that evidence "did not describe any limitations beyond those [the claimant] described, which the ALJ discussed at length and rejected based on well-supported, clear and convincing reasons").

The ALJ did not abuse his discretion in denying Semmens's request to subpoena the medical advisors as based on speculation rather than specific facts. *See* 20 C.F.R. § 404.950(d)(2) (in a subpoena request, claimant must "state the

18-15542

important facts that the witness or document is expected to prove; and indicate why these facts could not be proven without issuing a subpoena"); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (setting out standard of review).

The record does not support Semmens's contention that the Appeals Council failed to evaluate the July 2015 opinion co-signed by Dr. Nichols and nurse Michelle Barnett.

**AFFIRMED.**